```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

COREY ALAN BENNETT #509793,       )
                                  )
        Plaintiff                 )
                                  )    No. 3:15-0937
v.                                )    Senior Judge Haynes/Brown
                                  )    **Jury Demand**
WARDEN BRUCE WESTBROOKS, *et al.*,)
                                  )
        Defendants                )

**TO:   THE HONORABLE WILLIAM J. HAYNES, JR.**

## REPORT AND RECOMMENDATION

Presently pending are two motions for injunctive relief (Docket Entries 10 and 11) by the Plaintiff filed on October 29, 2015.

The first motion is a request that the Warden be directed to remove cameras from the Plaintiff's cell and return him to a normal housing unit (Docket Entry 10).

The second motion is for an immediate injunction to order the Tennessee Department of Corrections to transfer the Plaintiff to another prison (Docket Entry 11).

For the reasons stated below, the Magistrate Judge recommends that both of these motions be denied.

## BACKGROUND

The Plaintiff filed yet another complaint in a long list of complaints he has filed against various state employees about his treatment in the prison system. The Court allowed this case to proceed forward, despite the fact the Plaintiff has numerous strikes for filing frivolous lawsuits, as set forth in Docket Entry

5. As the District Judge noted, the Plaintiff has filed a number of complaints, many of which strain credibility. The District Judge allowed this case to proceed with a number of limitations. In particular, service was directed only as to Warden Westbrooks and the undersigned was directed to set a hearing and have the Warden or his representative bring with them for the Court's inspection all medical and transport records relating to Corey Bennett for the preceding six months. The undersigned will then make a determination what service of process should be allowed for any of the remaining Defendants, or whether a recommendation would be entered that some or all Defendants be dismissed under 28 U.S.C. § 1915A(b).

The Magistrate Judge was also directed to consider whether the matter should be referred to the United States Attorney to investigate possible criminal action against the Plaintiff under 28 U.S.C. § 1623, which provides for the prosecution of any person who knowingly makes false material declarations while under oath in any proceeding before a federal court.

The Magistrate Judge, along with this report and recommendation, is contemporaneously entering an order setting this matter for a case management conference and for the production of the Plaintiff's medical and transport records.

The Plaintiff has filed similar motions for injunctive relief in a related case (*Bennett v. Griffin, et al.*, 3:15-617). In that case the Defendants have filed an affidavit from Warden

Westbrooks (Docket Entry 56-1) responding to the motions dealing with the Plaintiff's transfer and the reasons why a camera is placed in his cell. The Magistrate Judge carefully considered the Warden's response in that case and finds that it is applicable to this case.

As noted in the initial review (Docket Entry 5) the Plaintiff alleges he had 29 stitches, a broken collar bone, a broken jaw, two black eyes, and a broken left arm, and that he spent four days in intensive care at Vanderbilt University, prior to his return to Riverbend Maximum Security Institution (RMSI). He further alleged that another inmate at RMSI is allowed to enter the medical units and rape the Plaintiff on a daily basis. He also alleges that members of the prison staff continued to beat him.

**LEGAL DISCUSSION**

The Warden's decision that a camera be placed in the Plaintiff's cell in order to document who goes into the Plaintiff's cell and what occurs as protection for both the Plaintiff and the prison's staff is imminently reasonable. The Plaintiff has repeatedly claimed that prison officials and even the Governor have personally assaulted him. *Bennett v. Scholfield*, 3:15-CV-401. The Warden would be derelict, given the Plaintiff's history of filing suits of this nature, not to install a camera to record the Plaintiff's activities. Were these complaints genuine, the Magistrate Judge would think that the Plaintiff would insist on

having a camera on him at all times so that he could prove his allegations.

The Plaintiff's request to be transferred to another institution also makes little practical sense. The Plaintiff has a long history of filing suits about conditions in many prisons and there is no reason to think that his transfer to another institution would not simply produce another set of claims and another set of defendants, where he will claim that he is in imminent danger, to avoid the restrictions of three strikes.

The requirements for granting the extraordinary relief of a preliminary or permanent injunction are well-known. *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).

(1) **The Plaintiff must establish a strong likelihood of the probability of success on the merits.** Given the nature of the Plaintiff's allegations and his repeated failure to obtain success in filing similar complaints, his likelihood of success is quite low.

(2) **The risk of irreparable harm.** Despite the Plaintiff's repeated claims that his life is in danger and that he has endured repeated attacks that have left him unconscious with broken bones and stitches, he has not produced supporting evidence in any of his cases. The fact that he is

now under constant surveillance also reduces any risk of harm. The Magistrate Judge notes that although he is housed in a medical unit, he now wants to be moved to another unit so he can obtain medical treatment. This is hardly a logical request.

(3) **Granting the injunction would not cause harm to others.** Courts are not well suited to managing prisons. Moving the Plaintiff could easily cause more harm than good to other state employees and would be unlikely to resolve the Plaintiff's complaints. A move would only transfer his complaints to other defendants.

(4) **Finally, would the public interest would be served.** The public interest would not be served by the Court attempting to micro-manage the prison system, particularly when the Plaintiff appears to make it one of his life's ambitions to repeatedly file lawsuits, many of which have been either dismissed up front as frivolous or voluntarily dismissed by the Plaintiff once the Defendants have answered. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995).

In this case the Magistrate Judge will issue an order to have the Plaintiff's medical and transport records produced so that his complaints can be compared against his medical and transport

records. From a view of his other cases it appears that at times the Plaintiff has filed litigation at the same time he has contended that he has been unconscious at a hospital. The fact that the Plaintiff is under constant camera surveillance should insure that the Plaintiff is not attacked by anyone.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that both these motions be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 4th day of November, 2015.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge