UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT | ) |
| Plaintiff, | ) |
| v. | ) No. 3-15-0937 |
| | ) Senior Judge Haynes |
| WARDEN BRUCE WESTBROOKS, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 54) to deny Plaintiff's motion for an order transferring him to DeBerry Special Needs Facility (Docket Entry 46) and to dismiss this action as frivolous and to dismiss as moot any pending motion. The Magistrate Judge also recommends that in its Order of dismissal this Court recommend that the State adopt the program suggested in its response (Docket Entry 53) to provide Plaintiff with a mental health evaluation conducted at Plaintiff's current institution by the Director of Psychiatry for Corizon. No party has filed an objection.

The Court directed the Magistrate Judge to schedule a hearing where Plaintiff and Warden Westbrooks or his representative were to appear and Westbrooks was to bring all medical records and transport records relating to Plaintiff for the preceding six months. (Docket Entry No. 5). The Court also directed that thereafter the Magistrate Judge was to consider whether the matter should be referred to the United States Attorney to investigate possible criminal action against Plaintiff under 18 U.S.C. § 1623.

On November 5, 2015, the Magistrate Judge set a hearing in this action for December 16, 2015. (Docket Entry No. 16). Prior to the hearing, Plaintiff filed a motion to "voluntarily dismiss

this case" (Docket Entry No. 40). At the hearing, Plaintiff did not present any proof in support of his claims and stated that he had mental health problems and coped with his frustrations by filing frivolous lawsuits. (Docket Entry No. 54; 50 at 12-13).

Following the December 16, 2015 hearing, Plaintiff filed a motion to order Plaintiff to be transferred to DeBerry Special Needs Facility (Docket Entry 46). In response (Docket Entry No. 53), the State asserted that a transfer to Deberry would be inappropriate as Plaintiff previously threatened and committed a physical assault on a female doctor who would be responsible for overseeing Plaintiff's care at DeBerry and Plaintiff also made violent threats towards at least two DeBerry prison employees and their families. As an alternative, the State proposed that a thorough mental health evaluation be conducted at his current institution by Dr. Rene Glenn, the Director of Psychiatry for Corizon, the Tennessee Department of Correction's mental health services vendor.

The Magistrate Judge concluded:

At the hearing the Plaintiff admitted that his complaints in his various lawsuits are not true, that he has not been injured as alleged, and that he files his lawsuits out of frustration. The Magistrate Judge is satisfied that, while the Plaintiff has mental health problems, the Plaintiff understood the consequences of what he was saying. It is clear form the record that the Plaintiff's allegations against all of the Defendants in this case are false and the case should be dismissed as frivolous.

(Docket Entry No. 54 at 5). Citing Hearing v. Sliwowski, 806 F.3d 864 (6th Cir. 2015), the Magistrate Judge further concluded that, "given the fact that the Plaintiff admits that his claims in this case are frivolous and are therefore subject to immediate dismissal," the Court lacked jurisdiction to transfer Plaintiff to DeBerry. Yet, the Magistrate Judge recommended that "it would be appropriate for the Court to recommend that the State adopt the program suggested in its response."

2

After de novo review, the Report and Recommendation is **ADOPTED,** and Plaintiff's motion for an order transferring him to DeBerry Special Needs Facility (Docket Entry 46) is **DENIED.** Plaintiff's motion to "voluntarily dismiss this case" (Docket Entry No. 40) is **DENIED as moot.** The Court **RECOMMENDS** that a thorough mental health evaluation be conducted on Plaintiff at his current institution by Dr. Rene Glenn, the Director of Psychiatry for Corizon, the Department's mental health services vendor, as proposed by Defendant in its response (Docket Entry No. 53).

This action is **DISMISSED with prejudice.** Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

**ENTERED** this the ___ day of February, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

3